IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUBY T. DAVIS, ) | Case No. 06-50966 |
| ) | |
| Debtor. ) | |
| _____ ) | |

## **MEMORANDUM OPINION**

This matter came before the Court for hearing on August 22, 2006 upon the Motion by the Debtor to Extend the Automatic Stay (the "Motion") filed on August 8, 2006.  At the hearing, Brian Hayes appeared on behalf of the Debtor, Matthew T. McKee appeared on behalf of Wells Fargo Bank, N.A. ("Wells Fargo"), and Kathryn L. Bringle appeared as the Chapter 13 Trustee.

Based upon the evidence presented at the hearing, a review of the Motion, and a review of the entire official file, this Court hereby makes the following findings of fact and conclusions of law.

## FACTS

The Debtor filed the current case on July 27, 2006.  Her prior Chapter 13 case was dismissed on May 12, 2006 for her failure to make plan payments.  Since the Debtor had a prior bankruptcy case dismissed within the preceding year, she filed the Motion to extend the automatic stay pursuant to Section 362(c)(3).  A foreclosure proceeding was pending when the current case was filed.[1]

At the hearing, the Debtor testified that her prior case was dismissed for failure to make

---

[1] The Debtor was unaware of any foreclosure action pending.  However, Wells Fargo alleged that they did initiate foreclosure proceedings after the previous case was dismissed.  For purposes of the Motion, the Court will assume that a foreclosure action was initiated.

plan payments for two reasons.  First, the Debtor was not being paid wages owed to her by one of her employers.  Second, the Debtor testified that her car needed repairs that totaled $1,100.00.  She paid for the repairs but had no funds left with which to pay her plan payment.

Wells Fargo objected to the Motion, arguing that the Debtor is unlikely to be able to make the proposed plan payments in her current Chapter 13 case.

## ANALYSIS

Pursuant to this Court's decision in In re Havner, 336 B.R. 98 (Bankr. M.D.N.C. 2006), the Court considers seven factors when determining whether to extend the automatic stay pursuant to Section 362(c)(3) and will apply this analysis to the case at hand.

First, the Debtor filed the current case approximately two weeks after her previous case was closed.  Considering that the Debtor was not timely receiving her wages and that her car repairs cost $1,100.00, the Court finds this delay to be reasonable under the circumstances.  This is a positive factor for the Debtor.

Second, the Debtor's debts are not the result of luxury spending.  The Debtor testified that most of her unsecured debt is credit card debt that she incurred fifteen years ago.  The Debtor's financial condition is virtually the same in this case as it was in her last case.  This is a positive factor for the Debtor.

Third, the Debtor's motive for filing the current case is to save her home from foreclosure.  This is a positive factor for the Debtor.

Fourth, the Debtor's actions by filing this case have negatively affected Wells Fargo, a creditor in this case.  This is a negative factor for the Debtor.

Fifth, the Debtor's prior case was dismissed when she failed to make plan payments due to the failure of one of her employers to pay wages that she had earned and to expenses that the

Debtor incurred to repair her car.  The Debtor did not manipulate the bankruptcy system.  This is a positive factor for the Debtor.

Sixth, the Debtor presented convincing testimony that, with decreases in expenses and a projected increase in income, she would be able to fund her current Chapter 13 plan.  This is a positive factor for the Debtor.

Finally, a creditor, Wells Fargo, objected to the extension of the stay.  The Chapter 13 Trustee took no position on the matter.  Since a creditor objected, this is a negative factor for the Debtor.

## CONCLUSION

After weighing the above factors and considering the evidence presented, the Court finds that the Debtor has presented clear and convincing evidence that this case was filed in good faith.  The Motion to Extend the Automatic Stay is Granted, and the automatic stay is extended as to all creditors as long s the Debtor continues to make a plan payments in a timely fashion, with a 30-day grace period.

This memorandum opinion constitutes the Courts' findings of fact and conclusions of law.  A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUBY T. DAVIS, | ) | Case No. 06-50966 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

PARTIES IN INTEREST

Ruby T. Davis

Brian Hayes, Esquire

Matthew T. McKee, Esquire

Kathryn L. Bringle, Esquire